Emmanuel DODOO, Emmanuel Dodoo, Jr. and Niles Dodoo, Petitioners,

v.

DEPARTMENT OF HOMELAND SE-

**638**

CURITY, Alberto R. Gonzales,[1] Attorney General, Respondents.

Nos. 04–1020–AG(L), 04–1040–AG(CON).

United States Court of Appeals, Second Circuit.

April 5, 2006.

James E. Swaine, New Haven, Connecticut, for Petitioner.

Christopher J. Christie, United States Attorney for the District of New Jersey, Jonathan D. Levy, Assistant United States Attorney, Newark, New Jersey, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. GUIDO CALABRESI, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Emmanuel Dodoo and his minor children, though counsel, petition for review of the BIA decision affirming the decision of an immigration judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA summarily affirms or adopts the IJ's decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005). This Court reviews the IJ's conclusions of law *de novo. Guan Shan Liao v. Dep't of Justice,* 293 F.3d 61, 66 (2d Cir.2002).

Dodoo argues that the IJ improperly applied an "actual harm" standard in determining his past persecution claim and any resulting presumption of future persecution, but does not address the IJ's determination that he did not have a well-founded fear of future persecution due to changed country conditions in Ghana. Because the IJ's conclusion regarding well-founded fear of future persecution is not challenged and is substantially supported by the record as a whole, Dodoo's argument regarding past persecution is moot. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir. Oct.2005) (issues not raised in brief considered waived).

Dodoo also argues that the IJ's failure to make an explicit adverse credibility finding was in error in light of the requirements set out in *Diallo v. INS,* 232 F.3d 279 (2d Cir.2000). Because Dodoo did not raise this issue before the BIA, however, he has not properly exhausted all administrative remedies available to him. *See* 8 U.S.C. § 1252(d)(1).

Finally, Dodoo disputes only the IJ's denial of his asylum claim; because he has not addressed the IJ's denial of withholding of removal and relief under the CAT, he has waived any challenge to those findings. *Yueqing Zhang,* 426 F.3d at 542 n. 1, 546 n. 7.

For the foregoing reasons, the petitions for review are DENIED. Having completed our review, any stays of removal

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case. ·

that the Court previously granted in these petitions are VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in these petitions are DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).